**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| D.H., a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10-CV-16-SNLJ |
| ) | |
| CAMPBELL POLICE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On January 13, 2010, D.H.,[1] a minor proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [Doc. #1]. The complaint bears only the signature of the minor, D.H. On January 19, 2010, Beverly Ann Haley submitted a letter to the Court, stating simply that she is plaintiff's legal guardian.

Because a minor may not file an action in federal court and no one has filed a motion to act as plaintiff's next friend, *see* Fed.R.Civ.P. 17(c), the Court will dismiss

---

[1] Pursuant to the Administrative Order of April 8, 2003, issued by the Chief Judge of this Court and entitled "Redaction of Civil Personal Data Identifiers," and in compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, parties must refrain from including, or must partially redact where inclusion is necessary, the names of minor children. *See also Webster Groves School Dist. v. Pulitzer Pub. Co.,* 898 F.2d 1371, 1375 (8th Cir. 1990) (*en banc*) (strong public policy favors the special protection of minors and their privacy where sensitive matters are concerned). If the involvement of a minor child must be mentioned, only the initials of a minor child may be used. Administrative Order, April 8, 2003.

this action without prejudice. Moreover, although the United States Court of Appeals for the Eighth Circuit has not directly addressed the question, this Court is persuaded by the reasoning in numerous other circuits that have held that a non-attorney parent or next friend of a minor must be represented by counsel when bringing an action on behalf of the child. *See, e.g., Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)(non-attorney parent must be represented by counsel when bringing action on behalf of child); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(minor child cannot bring § 1983 suit through parent acting as next friend if parent is not represented by counsel); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(person not licensed to practice law may not represent another individual in federal court); *cf. Jones ex rel. Jones v. Correctional Medical Services*, 401 F.3d 950 (8th Cir. 2005)(non-lawyer administrator of probate estate with multiple beneficiaries may not engage in the practice of law on behalf of others).

The Court advises plaintiff that the dismissal of the instant action is without prejudice, which will allow plaintiff to refile his action either as a minor with next friend and legal counsel, or pro se once plaintiff has attained the age of majority.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall immediately file under seal Document #1, Document #2, Document #3, and Document #4, including all attachments thereto.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *D.H., a minor v. Campbell Police Department and Tony D. Cogburn.*

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  9th  day of February, 2010.

                                                                                    /s/ Stephen N. Limbaugh, Jr.
                                                                                    UNITED STATES DISTRICT JUDGE